Reese, J.
delivered the opinion of the court.
This is an action of debt upon a bill single. The defendant below filed a plea of non est factum. There was no witness to the execution of the bill single, in the signature, to which the testator who was unable to write, purported to have made his mark. One of his sons, a witness for the plaintiff, testified that he was acquainted with the peculiar manner of making his mark for his signature, by often seeing him do it — and that he was of opinion that the mark in the present case affixed to the signature was his father’s. The counsel for defendant then offered to submit to the inspection of the witness, what purported to be other signatures of his father without having admitted or shown them to be genuine or otherwise, for the purpose of asking him whether they were his signatures or not. This was refused by the court. At a subsequent part of the trial, the defendant offered to prove, that these papers which had no relation to'the case were in fact signed by the father, which was refused by the court. And it is insisted in argument here, that in these respects, the court erred. The counsel for the defendant disclaiming all right to have contradicted the testimony of the witness by a comparison of signatures; yet insists that to test the knowledge or the truth of the witness, he had a right to submit to him signatures either spurious or genuine, and ask his opinion of them. To this we can by no means agree. It would lead in practice to much inconvenience and confusion, not to say, trickery and imposition — and after all could not attain the end proposed, that is, show to the jury the ignorance or falsehood of the witness as to the hand writing, without submitting to the jury the inspection and comparison of those other writings. This is an answer to the whole case. But if the writings in question had been proved to be genuine previously to the offer to examine the witness with regard to them, we are of opinion that it would not be proper. If the witness had been of opinion that such genuine signatures were not those of the testator, the inference of ignorance and inaccuracy to be drawn from such circumstance could have been fairly repelled by the introduction of other genuine signatures which the wit *49 ness might adopt. This would lead to innumerable examinations; and after all, the degree of credit the jury should yield to the witness is entirely uncertain, unless they could inspect and compare the several documents produced. Let the judgment be affirmed.